

**AMSTER ROTHSTEIN & EBENSTEIN LLP**
*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main  212 336 8000
Fax   212 336 8001
Web   www.arelaw.com

| *Partners* | *Founding Partners* | Matthieu Hausig | Brian Amos, Ph.D. |
| Daniel Ebenstein | Morton Amster, *of Counsel* | Benjamin M. Halpern★ | William M. Frank |
| Philip H. Gottfried | Jesse Rothstein (1934-2003) | Jung S. Hahm | Hajime Sakai, Ph.D. |
| Neil M. Zipkin | | | Richard P. Zemsky★ |
| Anthony F. Lo Cicero | *Senior Counsel* | *Associates* | Brendan O'Dea |
| Kenneth P. George | Marion P. Metelski | Patrick Boland★ | David P. Goldberg |
| Ira E. Silfin | Alan D. Miller, Ph.D. | Benjamin Charkow | Reena Jain |
| Chester Rothstein | Marc J. Jason | Mark Berkowitz | Adil Ahsanuddin |
| Craig J. Arnold | Richard S. Mandaro | Samuel Lo | Sandra Hudak |
| Charles R. Macedo | Max Vern | Suzue Fujimori | Tzvi Hirshaut |
| Brian A. Comack | Holly Pekowsky | Jessica Capasso | ★ Not admitted in New York |

March 9, 2015

Chester Rothstein
Direct 212 336 8050
E-mail crothstein@arelaw.com

**VIA ECF**
The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

      Re: *Ferrero U.S.A., Inc. v. Stark Foods, Inc.*, Civil Action No. 12-civ-4372 (SAS)

Dear Judge Scheindlin:

      We represent Plaintiff Ferrero U.S.A., Inc. ("Ferrero USA") in the above referenced action, which was closed on July 3, 2012 on the basis of a Consent Judgment Order signed by Your Honor on July 2, 2012 (ECF No. 4) ("Consent Judgment").

      Due to violations by Defendant Stark Foods, Inc. ("Stark") of the Consent Judgment, this letter requests a pre-motion conference towards a motion for an order of civil contempt.

      Settlement discussions aimed at obviating the need for this relief began soon after Ferrero USA sent its June 16, 2014 notice letter asserting breach of the Settlement Agreement and violation of the Consent Judgment. Discussions were subsequently taken over by Stark's new counsel and continued for several months. However, settlement has not been achieved, and opposing counsel has failed to respond to Ferrero USA's last 3 communications dated December 24, 2014; January 9, 2015; and January 13, 2015.

### Background of the Case

      As Your Honor may recall, Ferrero USA is part of the Ferrero Group, a worldwide manufacturer and seller of confections, whose most famous brands include NUTELLA, KINDER, TIC TAC, and ROCHER. On June 4, 2012, Ferrero USA filed a Complaint in this Court against Stark to enforce certain intellectual property rights against Stark's unlawful importation and sale in the United States of food and confectionery products. Soon after the Complaint was filed, the parties entered into a written Settlement Agreement resolving all issues in the case. Contingent on future compliance with the terms, there was no monetary component to the settlement.

The Honorable Shira A. Scheindlin            2            March 9, 2015

As provided for in the parties' Settlement Agreement, the parties agreed to and jointly executed and submitted the Consent Judgment, which was So Ordered and entered by the Court.

In both the Settlement Agreement and the Consent Judgment, the parties agreed, and the Court ordered that Stark was enjoined from, *inter alia*, trading in Ferrero's products, which include:

> the Ferrero Trademarks, the Ferrero Copyrighted Packages, and/or design described and claimed in [United States Design Patent No. D574,229] in the United States, unless such products are purchased directly from Ferrero USA or its authorized U.S. customers.

(*See* ECF No. 4 at ¶ 12).

As defined by the Consent Judgment, the "Ferrero Trademarks" include the trademarks FERRERO, NUTELLA, KINDER, TIC TAC, DUPLO, ROCHER, RONDNOIR, and RAFFAELLO. (*Id.* at ¶ 4).

**Grounds for an Order of Civil Contempt**

Approximately two years after the entering of the Consent Judgment by this Court, Ferrero learned that Stark may be dealing in products under the Ferrero Trademarks and/or otherwise in violation of the Consent Judgment ("the Enjoined Products"). Ferrero USA commissioned an investigative agency to look into Stark's activities. The investigative agency revealed that Stark was selling the Enjoined Products in violation of the Consent Judgment, and the investigator made purchases directly from Stark of NUTELLA and KINDER products.

In its own monitoring of the marketplace, Ferrero USA has discovered other sales and/or direct or indirect distribution by Stark of the Enjoined Products, including the sale of KINDER products by (i) the grocery store Wegmans, (ii) the distributor Redstone Foods, (iii) the retail candy store Bricktown Candy Co., and (iv) possibly by the grocery store Fairway Markets here in New York. Thus, at least NUTELLA and KINDER products are being marketed, offered for sale, and sold by Stark in violation of the Consent Judgment.

A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation omitted). These three conditions are undoubtedly met in this case. In its motion, Ferrero USA intends to show that:

1. The prohibited activities are clear and unambiguous -- Stark was enjoined from importing and selling confections under the Ferrero Trademarks (including NUTELLA and KINDER) unless they were purchased from Ferrero USA.

The Honorable Shira A. Scheindlin            3            March 9, 2015

2. At least the sales described above—namely, the sales of, *inter alia*, NUTELLA and KINDER products to Ferrero USA's investigative agency, Wegmans[1], Redstone Foods, and Bricktown Candy Co.—constitute clear and convincing evidence that Stark violated the Consent Judgment.

3. Stark did not act reasonably nor diligently to comply with the Consent Judgment, and in fact it willfully violated the Consent Judgment. *See, e.g.*, *Casale v. Kelly*, Nos. 08-civ-2173 (SAS), 05-civ-5442 (SAS), 710 F. Supp. 2d 347, 359 (S.D.N.Y. 2010) ("Reasonable diligence, at the very least, requires a party to develop and execute reasonable methods of compliance.").

**Sanctions to be Requested**

Ferrero USA intends to move the Court for an order (i) requiring Stark to pay to Ferrero USA an amount equal to Stark's profits from their sale of the Enjoined Products, both before and after the entry of the Consent Judgment; (ii) requiring Stark to pay to Ferrero USA an amount sufficient to reimburse Ferrero USA for its costs, expenses and reasonable attorneys' fees in investigating and remedying the violation, including prosecuting the proposed motion; (iii) requiring Stark to destroy all Enjoined Products in Stark's possession or control; (iv) referring this case to a magistrate judge for damages discovery to determine Stark's sales and provable deductions, and Ferrero USA's costs, expenses and attorneys' fees; and (iv) ordering such other relief as the Court may find just and proper.

Ferrero USA respectfully requests that a pre-motion conference be scheduled on March 24, 2015, or at the Court's convenience. In the alternative, Ferrero USA respectfully requests the permission of the Court to file its motion for an order of civil contempt, which Ferrero USA has already prepared.

Thank you for your consideration in this matter. Ferrero USA is available to discuss this matter further by teleconference if the Court would find it helpful.

                                               Respectfully submitted,

                                               AMSTER, ROTHSTEIN & EBENSTEIN LLP

                                               Chester Rothstein

CPR:sah

cc: Joseph V. Saphia, Esq. (via Federal Express and email to JSaphia@flhlaw.com)
      Laura Chubb, Esq. (via Federal Express and email to LChubb@flhlaw.com)
          Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, NY 10151

---

[1] During discussions, Stark or its counsel intimated that the Stark products found at Wegmans were not sold by Stark directly to Wegmans, but instead were sold to a distributor who re-sold them to Wegmans.

598283.1