

**FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

jsaphia@flhlaw.com

March 12, 2015

**VIA ECF**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15C
New York, NY 10007

Re:  *Ferrero U.S.A., Inc. v. Stark Foods, Inc.*
     USDNY Civ. A. No. 12-cv-4372 (SAS)

Dear Judge Scheindlin:

We represent Stark Food, Inc. ("Stark") in the above referenced action. Ferrero USA ("Ferrero USA") has requested a pre-motion conference with the Court on March 24, 2015 to seek permission to file a motion for civil contempt based on alleged acts by Stark. For the reasons stated below, we join in the request, and intend to seek a Stay of Any Proceedings to Enforce a Judgment, pursuant to Fed. R. Civ. P. 62, until the Court decides Stark's Motion for Relief from a Judgment or Order, pursuant to Fed. R. Civ. P. 60.

*Relevant Entities*

Stark Foods, Inc. ("Stark") is a New York corporation located in Nassau County, New York. Stark is a small business that imports and distributes European specialty foods and beauty care items.

Ferrero USA ("Ferrero USA") is a Delaware corporation located in Somerset, N.J. Ferrero USA was established to introduce Ferrero products into the United States. Ferrero USA represents that it is the exclusive distributor of Ferrero products in the U.S., and such products are manufactured or authorized to be manufactured outside the U.S.

Ferrero International, S.A. ("Ferrero SA"), is the parent company of the Ferrero group. The Ferrero group comprises up to sixty-nine consolidated companies with eighteen production sites serving over one hundred end markets. The Ferrero group produces and sells nine product lines for worldwide distribution, including: Ferrero Rocher, Raffaello, Mon Cheri, Nutella, Kinder Surprise, Kinder Chocolate, Kinder Bieno, Kinder Pinqui, and Tic Tac.

*The US Market*

Ferrero USA only distributes three product lines, Ferrero Chocolates, Nutella, and Tic Tac, but all Ferrero products are available in the U.S. In other words, Ferrero SA manufactures and distributes its products worldwide; some are distributed by Ferrero USA, and some are

Joseph V. Saphia, Esq.
March 12, 2015
Page 2

distributed by other Ferrero agents. Thus, products available in the U.S., and not distributed by Ferrero USA, are *not* parallel import goods.

Stark has distributed Ferrero branded goods. Stark is a customer in good standing with Ferrero USA, and has purchased large quantities of the Ferrero products from Ferrero USA. Stark has also purchased Ferrero products from authorized Ferrero agents (other than Ferrero USA). Stark has *never* purchased or sold a Ferrero product that was not manufactured and distributed by an agent of Ferrero SA.

### *History of this Case*

On June 4, 2012, Ferrero USA brought an action in this Court to enforce Ferrero SA's copyrights, trademarks, and a design patent.[1] In an effort to avoid costly litigation, Stark did not defend itself or answer Ferrero USA's Complaint, and, remaining unrepresented, immediately entered into settlement negotiations. A Consent Judgment, deemed essential to the settlement agreement reached, was to be simultaneously executed and delivered to this Court.

Ferrero USA and Stark executed both the Settlement Agreement and a Consent Judgment which this Court subsequently ordered. So, within three short weeks, Ferrero USA brought an action against Stark, drafted and extracted a settlement agreement, and bound Stark to an Order of this Court. The merits of the underlying action were never decided. Ferrero USA now seeks to hold Stark in civil contempt of this Court's Order.

### *The Settlement Agreement and the Consent Judgment*

Stark seeks leave to move this Court to set aside the Consent Judgment and rescind the Settlement Agreement. Consent Judgments "reflect a contract between the parties (as well as a judicial pronouncement), and ordinary rules of contract interpretation are generally applicable." *See Doe v. Pataki*, 481 F.3d 69, 75 (2d Cir. 2007). For at least the following reasons, rescission and vacatur are proper.

### *The Agreement Terms Are Unconscionable and Violate Public Policy*

The Consent Judgment states that:

> Stark and its officers agents, servants, employees and attorneys, and its representatives, successors, and assigns, ***and all persons or entities acting in active concert or participation with any of the foregoing***, shall not order, sell, offer for sale, import, advertise, promote, use, market, distribute or deal in any Ferrero owned products, Ferrero manufactured products or products authorized for manufacture by Ferrero, which include, without limitation, the Ferrero Trademarks, the Ferrero Copyrighted Packages, and/or design described and

---

[1] Please note that Ferrero SA is not a party to this action.

claimed in the '229 Patent in the United States, ... unless such products are purchased directly from Ferrero USA or its authorized U.S. customers.[2]

This restrictive prohibition is unconscionable. In short, the term is excessive in scope and breadth clearly involving individuals not under the direct supervision or control of Stark.

Additionally, this term violates two important public policies. The Ferrero trademarks, copyrights, and patents, are limited rights, and are exhausted after the first sale by *any* Ferrero SA agent - not just a sale by Ferrero USA. A "distributor ... has the right to resell a branded item in an unchanged state." *Dan-Foam A/S v. Brand Named Beds, LLC*, 500 F. Supp. 2d 296, 317 (S.D.N.Y. May 4, 2007). "The rationale underlying this doctrine is that trademark rights are exhausted once the trademarked goods have been duly placed into the market." *Id.* The term above seeks an impermissible extension of that limited right.

The term also impermissibly restrains international trade and *prohibits* Stark from importing goods that should be free from such restraint. A possible interpretation of this term would prohibit Stark from importing Ferrero SA's products under *any* circumstances. Here again, this restriction should not be enforced as a matter of public policy.

*Mistake as a Result of Conflicting Provisions*

The Consent Judgment also conflicts with certain terms of the Settlement Agreement, inviting misunderstanding as to what constitutes breach. For instance, the Settlement Agreement permits Stark to purchase directly from Ferrero USA any products which Stark knows to be owned or manufactured by the Ferrero Companies or on their behalf. The above-quoted term, however, requires Stark to purchase "any Ferrero owned products, Ferrero manufactured products or products authorized for manufacture by Ferrero" directly from Ferrero USA or its "authorized U.S. customers." Stark's purchase of certain Ferrero products directly from Ferrero USA is permitted under the Settlement Agreement but mandatory under the Consent Judgment. The scope of prohibited activity under these two documents is ambiguous, if not directly conflicting.

Thank you for your consideration. Stark is available to discuss this matter at the Court's convenience.

Respectfully submitted,

Frommer Lawrence& Haug LLP

Joseph V. Saphia

---

[2] ECF No. 4 at 4 (emphasis added).